WILLIAM H. CHRISTIE, APPELLANT, *v.* RANSOM PARKER, RESPONDENT.

*Lease of piers in New York — right of the city to resume possession — what sufficient evidence of its having done so — effect of a failure to give notice to a lessee, as required by the lease — waiver thereof.*

APPEAL from a judgment in favor of the defendant, entered on a trial at Special Term.

This was an action for rent. The plaintiff being the lessee from the city of certain piers, sublet to the defendant a part of one of them. The original lease to the plaintiff contained a provision, in substance, that the city might, at any time, set apart for its own use any or all of such piers, the plaintiff, in that case, to have an equitable deduction from the rent reserved. The lease from the plaintiff to the defendant was expressly made "subject to the terms and conditions" of the original lease. In June, 1870, the city took possession of the premises so sublet to the defendant, and used them for the purpose of one of the free floating baths. The effect was to deprive the defendant of the use of the pier. There was a judgment of dismissal, and the plaintiff appeals.

The court at General Term said: "The appellant makes several points, which will be separately considered. First. He contends that the pier was taken for the free floating bath without due corporate action, and that consequently what was done in that regard amounted to a mere trespass. The argument is, that if the act was unauthorized, there was no setting apart by the city under the original lease, and that the plaintiff here is not responsible for any other manner of eviction. We think, however, that the facts justify the conclusion that the city did take possession of these premises. It was not necessary to show a direct or specific resolution with regard to this particular pier. What was shown was a general ordinance, placing the free floating baths, 'which may have been purchased by appropriation from the county treasurer, under the control and government of the department of public works,' and giving that department the power to determine and govern their use. Under this ordinance the department located a free floating

bath on the premises in question, where it remained during the entire season. The contractor who did the work was subsequently paid for it by the corporation. The plaintiff knew that the bath had been thus located; in fact the premises were in sight of his office, yet he took no measures in disaffirmance. This evidence was ample to justify the inference, and, consequently, the finding that the city resumed possession of the premises, and did so with the plaintiff's acquiescence, pursuant to the power reserved in the lease. Second. The plaintiff further insists that the omission of the comptroller to give the plaintiff notice of the city's intention to take the premises was fatal. It is true that the original lease makes it the duty of the comptroller to give such notice, and that it specifies the time of its service as the time when the right to the part of the premises retaken shall vest. But this notice was not in the nature of a condition. The right to resume was absolute and could not be affected by the neglect of a subordinate officer to perform a duty imposed upon him by the lease. Besides, the notice could be waived by the lessee. And we think the plaintiff's inaction, under the circumstances disclosed by the evidence, justified the court in finding such waiver."

*Wm. Henry Arnoux* and *Wm. F. MacRae*, for the appellant.

*John E. Burrill*, for the respondent.

Opinion by BARRETT, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.